SINGER *v.* NICOL.

1. CIRCUIT COURT COMMISSIONERS—CERTIORARI—DUTY OF COMMISSIONER TO FILE RETURN.

When writ of certiorari to review judgment in summary proceedings was served on circuit court commissioner, it was his duty to make and file return thereto.

2. APPEAL AND ERROR—CERTIORARI—DISMISSAL OF WRIT—PARTIES—QUESTIONS REVIEWABLE.

Where circuit court commissioner instead of filing return to writ of certiorari to review judgment in summary proceedings before him, appeared before circuit judge and moved to dismiss writ for reason that no bond had been filed, as required by 3 Comp. Laws 1929, § 14991, which motion was granted, questions raised on appeal therefrom, in which commissioner is defendant, may not be considered by Supreme Court on record presented, since plaintiffs in proceeding before commissioner are only persons interested in upholding judgment.

Appeal from Wayne; Chenot (James E.), J. Submitted April 12, 1933. (Docket No. 97, Calendar No. 37,070.) Decided May 16, 1933.

Summary proceedings before Henry G. Nicol, circuit court commissioner, by Edwin L. Stecker and another against Julius and Esther Singer. Judgment for plaintiffs. Defendant Esther Singer obtained writ of certiorari to review judgment of restitution. From order dismissing writ on motion of Henry G. Nicol, Esther Singer appeals. Appeal dismissed.

*Harry H. Janower,* for appellant.

*James R. Garber* and *Charles F. Shumway,* for appellee Nicol.

Sharpe, J. Edwin L. Stecker and Florence N. Stecker brought proceedings under 3 Comp. Laws 1929, § 14975 *et seq.,* before Henry G. Nicol, a circuit court commissioner in the county of Wayne, to recover possession of certain premises sold to the plaintiff, Esther Singer, and her husband, Julius Singer, under a land contract. Upon the hearing the defendant Esther Singer appeared specially and moved for a dismissal as to her because the notice of forfeiture had not been served on her personally. It had been sent by registered letter, which had been receipted for by her husband. Judgment of restitution passed to the Steckers. Esther Singer thereupon filed a petition in the circuit court for a writ of certiorari to review the judgment entered as to her, and the writ was allowed by Judge Campbell.

It next appears that the commissioner, Henry G. Nicol, appeared specially before Judge Chenot, and

moved to dismiss the writ for the reason that no bond had been filed, as required by section 14991.

On December 2, 1932, Judge Chenot signed an order reading as follows:

"On this date plaintiff's motion for certiorari came on to be heard and was argued by counsel, and it appearing to the court that no bond had been filed by the plaintiff as is required by statute; it is hereby ordered that the motion for certiorari be denied and is hereby denied."

Treating this as an order dismissing the writ of certiorari granted by Judge Campbell, Esther Singer, assuming to act as plaintiff and appellant and making the commissioner defendant and appellee, has taken this appeal.

When the writ was served on the commissioner, it was his duty to make and file a return thereto. Had he done so, the plaintiffs might then have questioned the legality of its issue. His action in securing the order made by Judge Chenot has resulted in Esther Singer's making him a defendant in this appeal. The plaintiffs in the proceeding before the commissioner are the only persons interested in upholding the judgment. On the record here presented, the questions raised on the appeal may not be considered, and it will be dismissed. No costs will be allowed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.